IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMANUEL PAPAGEORGIOU**<br>2740 Axe Factor Road, Apt. C109<br>Philadelphia, PA 19152<br>    and<br>**VASILIOS PAPAGEORGIOU**<br>2740 Axe Factory Road, Apt. C109<br>Philadelphia, PA 19152<br>                    **Plaintiffs**<br>    vs.<br>**UNITED STATES OF AMERICA**<br>                    **Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br>**NO.** |

## **COMPLAINT**

This is an action for damages sustained by Plaintiffs, Emmanuel Papageorgiou and Vasilios Papageorgiou, as a direct and proximate result of the acts and omissions committed by the Defendant named herein and its employees of the United States Postal Service and as a direct and proximate result of the negligent and careless acts, and omissions committed by the Defendant, Plaintiffs, Emmanuel Papageorgiou and Vasilios Papageorgiou, claim of Defendant an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) and in support thereof avers as follows:

## **PARTIES**

1. Plaintiff, Emmanuel Papageorgiou is an adult individual residing in Philadelphia, PA.

2. Plaintiff, Vasilios Papageorgiou is an adult individual residing in Philadelphia, PA.

3. The Defendant United States of America (hereinafter referred to as "United States"), which has acted through the United States Postal Service, which is an independent agency of the executive branch of the United States federal government

responsible for providing postal service in the U.S., including its insular areas and associated states.

4. At all times relevant and material, hereto, Defendant United States and its Postal Service acted by and/or through their agents, servants, workmen, contractors and/or employees who were acting within the course and scope of their employment and their authority.

5. Defendant United States and its Postal Service is liable for the acts and omissions of their agents, servants, workmen, contractors and/or employees through the doctrines of vicarious liability and respondeat superior.

6. The Defendant, the United States of America, is a sovereign entity, generally immune from suit. However, the United States has partially waived its sovereign immunity under the FTCA. Pursuant to the FTCA, the United States of America is liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**JURISDICTION**

7. This action is brought pursuant to the Federal Tort Claims Act and original jurisdiction is vested in this Court pursuant to 28 U.S.C. §1346 with damages not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs. Plaintiffs have exhausted their administrative remedies to the relevant claims set forth

herein in accordance with the Federal Tort Claims Act and the applicable interpreting case law.

8. Plaintiff, Emmanuel Papageorgiou filed an SF-95 form on May 25, 2022, related to his complaint and injuries sustained on July 10, 2021.

9. Plaintiff Vasilios Papageorgiou filed an SF-95 form on May 25, 2022, related to his complaint and injuries sustained on July 10, 2021.

10. The instant suit is timely filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agencies (United States Postal Service) within two years of accrual, and they failed to dispose of the claim within six months of its filing.

## VENUE

11. Venue is further proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Upper Darby, Pennsylvania, which is in the Eastern District of Pennsylvania.

12. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1402, as Plaintiffs are residents of Philadelphia, Pennsylvania.

## FACTUAL ALLEGATIONS

13. All material facts and occurrences took place on Saturday, July 10, 2021, at approximately 7:30 PM, on Fairfield Avenue, at or near its intersection with Winfield Avenue, in Upper Darby, PA.

14. At the time and place as aforementioned, Defendant United States of America, acting by and through United States Postal employee who carelessly and negligently operated a postal service truck, owned by the United States Postal Service, so as to

cause a collision by striking Plaintiffs' vehicle on the front driver's side bumper, hood, and fender by taking too far of a wide turn while turning onto Fairfield Avenue from Winfield Avenue.

15. As a result of which, Plaintiffs sustained serious, painful and permanent personal injuries, more particularly described hereinafter.

16. This accident resulted solely from the negligence and carelessness of the Defendant's postal employee and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

**PLAINTIFF EMMANUEL PAPAGEORGIOU V. DEFENDANT UNITED STATES OF AMERICA**
**NEGLIGENCE**

17. All the proceeding paragraphs are incorporated set-forth herein as referenced.

18. Defendant, United States of America, acting by and through its agents, employees, servants and/or workmen, was guilty of carelessness and negligence in the care of following traffic laws, both generally and in the following particular respects:

   a. Failing to properly operate and control its postal truck by failing to maintain a safe distance from Plaintiff's vehicle, before making a left turn in violation of 75 Pa C.S. § 3322;

   b. Driving at an excessive and unsafe rate of speed under the circumstances in violation of 75 Pa C.S. § 3361;

   c. Failing to maintain a proper and adequate lookout before making a left turn in violation of 75 Pa C.S. § 3322;

   d. Failing to give proper and sufficient warning of the turning of said motor vehicle by using a turn signal;

   e. Failing to follow and observe traffic patterns and conditions in careless disregard for the safety of other in violation 75 Pa C.S. § 3714;

   f. Failing to regard the rights, safety and lawful position of Plaintiff at the point of impact;

 g. Negligently turning left without regard for oncoming traffic;

 h. Negligently entering Plaintiff's lane of travel when it was not safe to do so;

 i. Making an improper and unsafe left hand turn;

 j. Driving while distracted and tired;

 k. Failing to properly operate and control their motor vehicle when making a left turn in violation of 75 Pa C.S. § 3331;

 l. Failing to properly and adequately maintain said motor vehicle in its lane of travel before being able to safely make a left-hand turn.

19. The negligence and carelessness of Defendant United States of America consisted of the following:

 a. Negligently entrusting the aforesaid postal vehicle to their postal workers, agents, servants, workmen, contractors and/ or employees;

 b. Permitting an inexperienced and incompetent postal worker to operate Defendant's vehicle, who engaged in the conduct set forth hereinabove;

 c. Failing to properly train and supervise their postal workers, agents, servants, workmen, contractors and/or employees;

 d. Failing to control the acts and conduct of its postal workers, agents, servants, workmen, contractors and/or employees and instead acquiescing in their negligence and carelessness;

 e. Failing to properly maintain and service Defendant's vehicle in order to ensure the health, safety and welfare of other persons, specifically Plaintiff; and

 f. Failing to properly and adequately control the safe operation of Defendant's vehicle.

20. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was caused to suffer and sustain severe and serious personal injuries and/or aggravations thereto including, but not limited to: cervical sprain, concussion, lumbar sprain and strain, and spasm of the myofasciitis trapezius bilaterally.

21. As a further result of the negligence and carelessness of the Defendant, Plaintiff has incurred and, in the future, will incur expenses for the treatment of his injuries, has been disabled and in the future will be disabled and not to perform his usual functions, all to his detriment, financial and otherwise.

22. As a further direct and proximate result of the above, Plaintiff has been obliged to incur various expenses for the diagnosis and treatment of his injuries, which expense to date include, but are not limited to, the following:

| Treatment | Dates of Service | Costs | Excess |
|---|---|---|---|
| A. Lankenau Medical Center – ER | 7/10/2021 | $728.00 | -0- Paid out of pocket |
| B. MRCP – PT | 7/20/2021, 7/27, 7/28, 7/30, 8/3, 8/12, 8/17, 8/18, 8/19, 8/24, 8/31, 9/16, 9/21, 9/23, 9/28, 9/30, 10/4, 10/7, 10/11, 10/14, 10/18, 10/21, 10/25, 10/28, 11/1, 11/4, 11/8, 11/11, 11/15, 11/18, 11/22, 11/23, 11/29 | $6,116.00 | -0- |
| C. Nazareth Hospital – ER | 9/1/2021 | $1,972.00 | $1,479.00 |
| D. Radiology Affiliates Imaging – Xray Lumbar Spine at Nazareth ER | 9/1/2021 | $ 47.00 | $ 47.00 |
| | | $ 8,863.00 | $ 1,526.00 |

23. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue

to expend such sums and to incur such expenses for an indefinite period of time in the future, all to his detriment, financial and otherwise.

24. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff may suffer a loss of income and earning capacity in the future, all to his detriment, financial and otherwise.

25. As a further direct and proximate result of the negligence and careless of Defendant, Plaintiff has been unable to attend to daily chores, duties and occupations and may be unable to do so for an indefinite time in the future, all to his detriment, financial and otherwise.

26. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

27. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered physical pain, anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, Plaintiff demands damages of Defendant in a sum an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, costs and attorney's fees.

### PLAINTIFF VASILIOS PAPAGEORGIOU V. DEFENDANT UNITED STATES OF AMERICA
### NEGLIGENCE

28. All the proceeding paragraphs are incorporated set-forth herein as referenced.

29. Defendant, United States of America, acting by and through its agents, employees, servants and/or workmen, was guilty of carelessness and negligence in the care of following traffic laws, both generally and in the following particular respects:

   a. Failing to properly operate and control its postal truck by failing to maintain a safe distance from Plaintiff's vehicle, before making a left turn in violation of 75 Pa C.S. § 3322;

   b. Driving at an excessive and unsafe rate of speed under the circumstances in violation of 75 Pa C.S. § 3361;

   c. Failing to maintain a proper and adequate lookout before making a left turn in violation of 75 Pa C.S. § 3322;

   d. Failing to give proper and sufficient warning of the turning of said motor vehicle by using a turn signal;

   e. Failing to follow and observe traffic patterns and conditions in careless disregard for the safety of other in violation 75 Pa C.S. § 3714;

   f. Failing to regard the rights, safety and lawful position of Plaintiff at the point of impact;

   g. Negligently turning left without regard for oncoming traffic;

   h. Negligently entering Plaintiff's lane of travel when it was not safe to do so;

   i. Making an improper and unsafe left hand turn;

   j. Driving while distracted and tired;

   k. Failing to properly operate and control their motor vehicle when making a left turn in violation of 75 Pa C.S. § 3331;

   l. Failing to properly and adequately maintain said motor vehicle in its lane of travel before being able to safely make a left-hand turn.

30. The negligence and carelessness of Defendant United States of America consisted of the following:

   a. Negligently entrusting the aforesaid postal vehicle to their postal workers, agents, servants, workmen, contractors and/ or employees;
   b. Permitting an inexperienced and incompetent postal worker to operate Defendant's vehicle, who engaged in the conduct set forth hereinabove;
   c. Failing to properly train and supervise their postal workers, agents, servants, workmen, contractors and/or employees;
   d. Failing to control the acts and conduct of its postal workers, agents, servants, workmen, contractors and/or employees and instead acquiescing in their negligence and carelessness;
   e. Failing to properly maintain and service Defendant's vehicle in order to ensure the health, safety and welfare of other persons, specifically Plaintiff; and
   f. Failing to properly and adequately control the safe operation of Defendant's vehicle.

31. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was caused to suffer and sustain severe and serious personal injuries and/or aggravations thereto including, but not limited to: lumbar sprain/strain, right sided sciatica, Lumbar spine sprain and strain with L4-L5 disc protrusion and disc extrusion at T12-L1 and protrusion at T11-T12 and annular fissure at L4-L5, right gluteus sprain and strain, cervicalgia, strain of muscle, fascia and tendon at neck level, intervertebral disc disorders with radiculopathy in the lumbosacral region, and spinal stenosis of the lumbar region.

32. As a further result of the negligence and carelessness of the Defendant, Plaintiff has incurred and, in the future, will incur expenses for the treatment of his injuries, has been disabled and in the future will be disabled and not to perform his usual functions, all to his detriment, financial and otherwise.

33. As a further direct and proximate result of the above, Plaintiff has been obliged to incur various expenses for the diagnosis and treatment of his injuries, which expense to date include, but are not limited to, the following:

| Treatment | Dates of Service | Costs | Excess |
|---|---|---|---|
| A. Lankenau Medical Center – ER | 7/10/2021 | $ 427.00 | $ 427.00 |
| B. MRCP – PT (non-par) | 7/19/2021, 7/26, 7/30, 8/2, 8/6, 8/11, 8/13, 8/16, 8/20, 8/25, 8/27, 8/30, 9/3, 9/8, 9/10, 9/13, 9/15, 9/20, 9/22, 9/27, 9/29, 10/4, 10/11, 10/13, 10/18, 10/20, 10/25, 10/28, 11/3, 11/5, 11/8, 11/12, 11/15, 11/22, 11/24, 11/29, 12/1 | $ 8,356.00 | $ 2,182.00 |
| C. Jefferson Outpatient Imaging Center City MRI – MRI Lumbar Spine | 9/17/2021 | $ 225.54 | -0- |
| D. Rothman Orthopedics | 11/3/21, 11/16, 12/8 | $ 1,751.00 | $ 1,246.00 |
| E. Spinal Care Pain Associates, P.C. | 11/24/2021 | $ 725.00 | -0- |
| F. Prescriptions<br>    1. Fairway Medical Services<br>       Lumbar back brace | 9/21/2021 | $ 850.00 | -0- |
| | | $ 12,334.54 | $ 3,855.00 |

34. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to his detriment, financial and otherwise.

35. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff may suffer a loss of income and earning capacity in the future, all to his detriment, financial and otherwise.

36. As a further direct and proximate result of the negligence and careless of Defendant, Plaintiff has been unable to attend to daily chores, duties and occupations

and may be unable to do so for an indefinite time in the future, all to his detriment, financial and otherwise.

37. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

38. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered physical pain, anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, Plaintiff demands damages of Defendant in a sum an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, costs and attorney's fees.

          **Respectfully submitted,**

          *Susan P. Halpern*
          **SUSAN P. HALPERN, ESQUIRE**
          **Counsel for Plaintiffs**
          **Atty I.D. No.: 40570**
          **Law Offices of Susan P. Halpern, P.C.**
          **1420 Walnut Street, Suite 300**
          **Philadelphia, PA 19102**
          **(215) 545-2303**
          susan@sphalpernlaw.com

## **VERIFICATION**

The undersigned, Emmanuel Papageorgiou, hereby verifies that the statements made in the foregoing Civil Action Complaint are true and correct to the best of his knowledge. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

**DATE: 11/2/2023**

*/s/ Emmanuel Papageorgiou*
**EMMANUEL PAPAGEORGIOU**

## **VERIFICATION**

The undersigned, Vasilios Papageorgiou, hereby verifies that the statements made in the foregoing Civil Action Complaint are true and correct to the best of his knowledge. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

**DATE: 11/2/2023**

_____
**VASILIOS PAPAGEORGIOU**